United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

Summary Calendar
No. 03-40850

_____

IN THE MATTER OF:  LISA VELA WATSON,

Debtor.

_____

RUDY WAUQUIN VELA; RICHARD W. VELA;
JALINDA JOYCE BISSETT; REBECCA LEE VELA; LISA VELA WATSON,

Appellants,

versus

JESUS M. CASTELLANO; LA CASA DE NYLON,
A TEXAS PARTNERSHIP CONSISTING OF ABRAHAM GALONSKY
AND ISRAEL LIAZKA,

Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas - McAllen Division
Civil Case No. M-02-CV-245

---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        The appellants seek a reversal of the bankruptcy court's

decision, affirmed by the district court, that annulled the

automatic stay as to a foreclosure of a tiny property interest that

---

        [*]    Pursuant to 5th Cir. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Cir. R. 47.5.4.

had been transferred to Ms. Watson on the eve of foreclosure. Appellants contend that, because the Watson bankruptcy was eventually dismissed, the bankruptcy court lacked jurisdiction to annul the automatic stay retroactively. On the other hand, they want the bankruptcy court to adjudicate their claim for damages occasioned by the alleged violation of the stay.

They cannot have it both ways. If the court had jurisdiction to reopen the case pursuant to 11 U.S.C. § 350 and adjudicate their claim, it also had jurisdiction to annul the stay retroactively, and we find no error in its exercise of discretion in the annulment decision.

If the court retained jurisdiction by virtue of the ongoing litigation between these parties over these matters for the past seven to eight years, it had jurisdiction to order retroactive annulment.

Finally, because the main bankruptcy case was dismissed for want of prosecution by Ms. Watson, and because the bankruptcy court indicated it would originally have granted relief from the automatic stay for lack of equity in the property, appellants' claim is essentially frivolous: they can state no damages arising from the foreclosure.

The judgments of the district and bankruptcy courts are **AFFIRMED.**